IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| VILLAGE PARK HOMES LLC, et al. | ) | |
| | ) | |
| Plaintiff, | ) | No. 9:16-cv-02828-DCN |
| | ) | |
| vs. | ) | |
| | ) | |
| HANCOCK ASKEW & CO LLP, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on defendant Hancock Askew & Co LLP's

("Hancock") motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure

12(b)(6) because plaintiffs Village Park Homes LLC and Hilton Head Custom Homes

LLC (collectively, "plaintiffs") have failed to state a claim for which relief may be

granted ("12(b)(6) motion"). For the reasons set forth below, the court denies Hancock's

12(b)(6) motion.

## I.  BACKGROUND

The instant dispute arises from an alleged breach of contract between plaintiffs,

both South Carolina Limited Liability Companies with corporate headquarters and

principal place of business in the State of South Carolina, and Hancock, a certified public

accountant firm with its headquarters and principal place of business in a state other than

South Carolina. Compl. ¶¶ 1–2. In early 2015, plaintiffs retained the services of

Hancock for the preparation of a Combined Financial Statement and Independent

Accountant's Review Report ("the Report") for the year ending in December 31, 2014.

Id. ¶ 5. The engagement letter for the Report stated that Hancock would "properly

1

comply with all applicable regulations, standards and customary procedures" in conducting the review.  Id. ¶ 4.

Plaintiffs allege that the Report was not completed in compliance with the engagement letter because: (1) it did not accurately and properly reflect the current financial condition of the plaintiff as of December 31, 2014; (2) the figures for various accounts, including the cash accounts, were not accurate and did not coincide with the bank records for the corresponding accounts; (3) a substantial number of business operations transactions were not included; (4) it was not prepared in compliance with all applicable regulations, standards, and customary procedures.  Id. ¶ 6.  Plaintiffs allege that the breach of this engagement letter resulted in a "substantial loss" to the plaintiffs. Id. ¶ 7.  Plaintiffs ask for actual damages plus prejudgment interest in an amount "in excess of $10,000."  Id. ¶ 3.

Hancock removed the case from the Beaufort County Court of Common Pleas on August 12, 2016.  In the notice of removal, Hancock asserts that "the amount in controversy in this action exceeds $75,000."  ECF No. 1-1.  Upon removal, Hancock filed a 12(b)(6) motion on August 12, 2016.  ECF No. 5.  Plaintiffs filed a response on August 29, 2016, ECF No. 8, to which Hancock replied on September 9, 2016, ECF No. 10.  Upon reviewing the complaint and the notice of removal, the court ordered supplemental briefing on the amount in controversy issue sua sponte to determine if the court had federal subject matter jurisdiction over this case under 28 U.S.C. § 1332(a). The parties filed supplemental briefing on the amount in controversy issue by the November 4, 2016 deadline specified by the court.  ECF Nos. 15, 16.  The 12(b)(6) motion has been fully briefed and is now ripe for the court's review.

2

# I.  STANDARD

## A.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.  See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  A district court may consider the propriety of subject matter jurisdiction and must remand a case to state court if federal jurisdiction is lacking.  See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008); see also 28 U.S.C.A. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  The burden of establishing federal jurisdiction rests upon the party asserting jurisdiction.  Barbour v. Int'l Union, 640 F.3d 599, 605 (4th Cir. 2011) (en banc), abrogated on other grounds by 28 U.S.C. § 1446(b)(2)(B).

In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal.  Thompson v. Victoria Fire & Casualty Co., 32 F. Supp. 2d 847, 848 (D.S.C. 1999) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938)).  Generally, "the sum claimed by a plaintiff in her complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction."  Phillips v. Whirlpool Corp., 351 F. Supp. 2d 458, 461 (D.S.C. 2005).  However, where a complaint includes a request for nonmonetary relief or a request for a money judgment in a state that permits recovery in excess of the amount demanded, the court can look to the Notice of Removal to determine the amount in controversy.  28 U.S.C. § 1446(c)(2)(A).  If the court finds by a

preponderance of the evidence that the amount in controversy exceeds the amount

specified in section 1332(a), then removal is proper.  28 U.S.C. § 1446(c)(2)(B).

**B.      Rule 12(b)(6) Motion**

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be

granted "challenges the legal sufficiency of a complaint."  Francis v. Giacomelli, 588

F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v.

Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . .

does not resolve contests surrounding the facts, the merits of a claim, or the applicability

of defenses.").  To be legally sufficient, a pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P.

8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the

plaintiff can prove no set of facts that would support his claim and would entitle him to

relief.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  When

considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations

as true and should view the complaint in a light most favorable to the plaintiff.

Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at

1134.  "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  Id.

## III.   DISCUSSION

### A.     Subject Matter Jurisdiction

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount of $75,000.  See 28 U.S.C. § 1332(a).  There is no dispute that complete diversity exists in this matter, as plaintiffs are both South Carolina Limited Liability Companies with corporate headquarters and principal place of business in the State of South Carolina, and Hancock is a Georgia Limited Liability Partnership with its headquarters and principal place of business in Savannah, Georgia.  ECF No. 1-2.  Therefore, the only jurisdictional issue is whether the amount in controversy requirement has been satisfied such that this case can be heard in federal court.

Under 28 U.S.C. § 1446(a), a defendant must file a notice of removal containing a "short and plain statement of the grounds for removal" to remove a case from a state court to a federal court.  28 U.S.C. § 1446(a).  Where, as here, removal is based on diversity of citizenship, the amount in controversy must "exceed" $75,000. 28 U.S.C.A. § 1332(a).  The Supreme Court has held that a defendant's notice of removal only needs to include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold.  Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).  In the notice of removal, Hancock states that the "amount in controversy in this action exceeds $75,000."  ECF No. 1-1.  However, plaintiffs only ask for "judgment against the Defendant for breach of contract, for actual damages plus prejudgment interest, in an amount in excess of $10,000" in the complaint.  Compl. ¶ 7.

No other information about the amount in controversy is contained in the pleadings or the

briefing for the instant motion.

     A number of courts have held that similarly conclusory allegations by a defendant

of an amount in controversy are insufficient to establish diversity jurisdiction.  In D & R

Party, LLC v. Party Land, Inc., 406 F. Supp. 2d 1382 (N.D. Ga. 2005), the court held that

defendant's allegation that the "amount in controversy exceeds the sum of $75,000,

exclusive of interest and costs," without setting forth underlying facts supporting the

assertion, was insufficient to establish diversity jurisdiction.  In Harding v. U.S. Figure

Skating Ass'n, 851 F. Supp. 1476 (D. Or. 1994), the court found that defendant's petition

for removal, which asserted an amount in controversy over $50,000[1], was enough to

establish that the diversity threshold had been crossed.  However, in Harding, the $50,000

amount was supported by awards from other cases, and the complaint did not specify the

amount of damages sought.  Here, plaintiffs ask for "an amount in excess of $10,000."

ECF No. 1, Ex. 3 at 5.  While "an amount in excess of $10,000" could possibly exceed

$75,000, it does not appear from the complaint that plaintiffs contemplated that damages

will exceed $75,000.  Therefore, Hancock's assertion in the notice of removal that the

amount in controversy "exceeds $75,000" arguably does not meet even the liberal

pleading standard outlined in Dart Cherokee Basin Operating Co., especially since the

plaintiff's complaint only asks for damages "in excess of $10,000."  Before deciding the

12(b)(6) motion, the court asked both parties to file supplemental briefing on the amount

in controversy issue to ensure that the court has subject matter jurisdiction over this case.

---

[1] At the time of Harding, the amount in controversy requirement for a case to be removed
to federal court was $50,000.

Hancock contends that the damages plaintiffs seek arise out of the embezzlement

of approximately $245,000 of funds by a former employee, and that, in the absence of

plaintiffs "expressly limiting" their damages, Hancock assumes "[p]laintiffs seek

recovery of the total amount embezzled by its former employee."  ECF No. 16 at 2.

Plaintiffs offer a breakdown of the specific damages adding up to $134,995.65 that they

assert stem from Hancock's alleged breach of contract.  ECF No. 15 at 5.  As an exhibit

to their supplemental briefing on the amount in controversy issue, plaintiffs filed a

spreadsheet detailing the funds that plaintiffs' former employee stole from April 1, 2015

to October 15, 2015.  ECF No. 15, Ex. 1.  Courts have found that the amount-in-

controversy claimed by the plaintiff controls for jurisdictional purposes.  See Mt. Healthy

City Bd. of Ed. v. Doyle, 429 U.S. 274, 276, (1977) ("'[T]he sum claimed by the plaintiff

controls if the claim is apparently made in good faith.'") (quoting St. Paul Mercury

Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288 (1938) (alteration in original).

Accordingly, the court finds that plaintiffs' determination of the amount in controversy—

while less than Hancock's estimation of "approximately $245,000" in damages—satisfies

the amount in controversy requirement for federal subject matter jurisdiction.  The court

next turns to consider the 12(b)(6) motion.

### B.    Expert Affidavit Requirement

Hancock argues that the complaint should be dismissed because plaintiffs failed

to comply with the expert affidavit requirements in S.C.Code § 15–36–100(B), which

states that:

> Except as provided in Section 15–79–125, in an action for damages alleging
> professional negligence against a professional licensed by or registered with the
> State of South Carolina and listed in subsection (G) [] the plaintiff must file as

> part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit.

Id.  Under this statute, "the complaint is subject to dismissal for failure to state a claim" if the plaintiff fails to file the expert affidavit.  S.C.Code Ann. § 15–36–100(C)(1).

Plaintiffs counter that the expert affidavit requirement is inapplicable because this case is one for breach of contract, not professional negligence.  ECF No. 8 at 4.  The court denies Hancock's 12(b)(6) motion because Section 15-36-100(B)'s contemporaneous-filing requirement does not apply.

The South Carolina General Assembly passed the Frivolous Civil Proceedings Sanctions Act ("FCPSA"), to filter "frivolous" claims of professional negligence. Oakman v. Lincare Inc., No. 1:13–cv–00428, 2013 WL 3549848, at *3 (D.S.C. July 10, 2013).  S.C. Code § 15–36–100, a subsection of the FCPSA, states that "the plaintiff must file as part of the complaint an affidavit of an expert witness" and that "the complaint is subject to dismissal for failure to state a claim" if an affidavit is not filed.  South Carolina courts interpreting § 15–36–100 have dismissed complaints filed without an accompanying expert witness affidavit regardless of the merit of the underlying allegations.  See, e.g., Rotureau v. Chaplin, No. 2:09–cv–1388–DCN, 2009 WL 5195968, at *6 (D.S.C. Dec. 21, 2009) (dismissing a malpractice claim without prejudice as a result of the plaintiff's failure to file an expert affidavit, and holding that § 15–36–100 is not a merely procedural requirement and is applicable to federal courts within South Carolina); Millmine v. Harris, No. 3:10–cv–1595, 2011 WL 317643 (D.S.C. Jan. 31, 2011) (holding that expert affidavit requirements in S.C.Code § 15–79–125 are the substantive law in South Carolina and thus applicable to cases filed in federal court under diversity

jurisdiction).  Therefore, the expert affidavit requirement is a mandatory prerequisite to the filing of a professional malpractice claim in this court.

However, plaintiffs have named no individual defendants in this breach of contract claim.  It is not as clear as Hancock contends that § 15–36–100(B) applies to claims against corporations and other professional companies.  It is true that artificial entities such as corporations may act only through their agents.  See Travelers Ins. Co. v. Roof Doctor, Inc., 481 S.E.2d 451, 452 (S.C. Ct.App.1997) ("A corporation . . . is an artificial entity created by law . . . [and] must act in all its affairs through agents or representatives."  (quoting State v. Wells, 5 S.E.2d 181, 186 (1939)).  But courts in this district have previously held that § 15–36–100(B) does not apply when the complaint alleges a professional negligence claim against a corporation or other business entity.  In Oakman, 2013 WL 3549848 the court ruled that the plaintiff was not required to submit an expert affidavit concerning a professional engineer's alleged defective design in a products liability suit against a corporation.  The Oakman court reasoned that

> [t]he article "a" and the singular pronoun "professional" in the second clause of the statute clearly and unambiguously demonstrate that the General Assembly intended to apply this filing requirement only to actions brought against individual persons – not to actions brought against corporations or other business entities by which these individuals are employed – unless those actions are brought against licensed health care facilities.

Id. at 5.  More recently, the court in Niezgoda v. Paris & Potter Mgmt. Corp., No. 2:16–cv–636, 2016 WL 6997278, at *2 (D.S.C. Nov. 30, 2016) cited Oakman in holding that section 15-36-100(B)'s contemporaneous-filing requirement did not apply to a professional negligence claim brought against an engineering firm.

9

Keeping in mind that § 15-36-100(b) restricts the common law right to bring suit, this court follows the lead of the Oakman and Niezgoda courts and refuses to extend the reach of § 15-36-100(b) to professional negligence claims against business entities. Therefore, the court denies Hancock's 12(b)(6) motion.[2]

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** Hancock's 12(b)(6) motion.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 21, 2016**
**Charleston, South Carolina**

---

[2] Hancock has made no other arguments for dismissal.

10